IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **BREANNA S. MORRIS,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 25-cv-2646-SHL-tmp |
| | ) |
| **STATE OF TENNESSEE, LAKESIDE** | ) |
| **BEHAVIORAL HEALTH HOSPITAL,** | ) |
| **and MEMPHIS MENTAL HEALTH** | ) |
| **INSTITUTE,** | ) |
| | ) |
|     Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is *pro se* plaintiff Breanna S. Morris's Complaint.[1] (ECF No. 1.) Because Morris is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned recommends that Morris's complaint be dismissed.

### I.   PROPOSED FINDINGS OF FACT

Morris's complaint is brought under 42 U.S.C. § 1983, alleging "cruel and unusual punishment[,] multiple assaults and

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

[2]The undersigned granted Morris leave to proceed *in forma pauperis* on October 27, 2025. (ECF No. 8.)

- 1 -

batteries[,] medical batteries[,] defamation of character[,] payments forcing unstableness[,] ignoring proof[, and] ongoing conspiracy." (ECF No. 1 at PageID 1-2.) Morris provides no further explanation of her claim.

## II.   PROPOSED CONCLUSIONS OF LAW

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678); see also Crestman as Next Friend to Wooden v. Metro. Gov't of Nash. and Davidson Cnty., Tenn., No. 24-6018, 2025 WL 2650582, at *2 (6th Cir. Sept. 16, 2025). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011); Kremer v. Unilever, PLC, No. 24-cv-01410, 2025 WL 2674556, at *6 (M.D. Tenn Sept. 18, 2025). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Kremer, 2025 WL 2674556, at *6, and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003); Wooden v. Lee, No. 24-cv-01052, 2025 WL 2678796, at *5 (W.D. Tenn. Sept. 18, 2025).

Morris's complaint is styled as an action brought under § 1983. "To succeed on a § 1983 claim, a plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of that right." Susselman v. Washtenaw Cty. Sheriff's Office, 109 F.4th 864, 870 (6th Cir. 2024) (citing Troutman v. Louisville Metro Dep't of Corr., 979 F.3d 472, 482 (6th Cir. 2020)). The first defendant she seeks to bring a claim against is the state of Tennessee. States are not considered "'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy

against a State for alleged deprivations of civil liberties." Id. at 66. Therefore, Morris's § 1983 claim against the state of Tennessee must be dismissed.

Morris additionally brings a claim under § 1983 against Memphis Mental Health Institute. The "Eleventh Amendment [protection from] suits for damages against a state in federal court . . . . also applies to state agencies or departments, such as MMHI [Memphis Mental Health Institute]." Mattox v. Memphis Police Dep't, No. 19-6114, 2020 WL 5872747, at *2 (6th Cir. Feb. 18, 2020). The same is true regarding the "sovereign immunity [that] bars suits seeking injunctions against states[.]" Id. at *3. Thus, Morris's claim against Memphis Mental Health Institute must also be dismissed.

Finally, Morris brings a § 1983 claim against Lakeside Behavioral Health Hospital. "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)); Nagdy v. Members of (Ky. MAS), No. 3:25CV-P340, 2025 WL 2982599, at *3 (W.D. Ky. Oct 22, 2025). Unless private entities are "exercise[ing] power possessed by virtue of state law and . . . they are clothed with the authority of state law[,]" they do not act under the color of state law. Warman v. Mount St. Joseph Univ., 144 F.4th 880, 892 (6th Cir. 2025)

(internal quotations omitted). Nothing in Morris's complaint suggests that Lakeside Behavioral Health Hospital acted under the color of state law. Thus, Morris's claim against Lakeside Behavioral Health Hospital must be dismissed.

### III. RECOMMENDATION

Based on the above, the undersigned recommends that Morris's complaint be dismissed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 27, 2025
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**