IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BREANNA S. MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-02646-SHL-cgc |
| ) | |
| STATE OF TENNESSEE, LAKESIDE ) | |
| BEHAVIORAL HEALTH HOSPITAL, ) | |
| and MEMPHIS MENTAL HEALTH ) | |
| INSTITUTE, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING COMPLAINT WITH PREJUDICE**

Before the Court is Magistrate Judge Tu M. Pham's Report and Recommendation ("R&R"), filed October 27, 2025.  (ECF No. 9.)  In the R&R, Judge Pham recommends that the Court dismiss pro se Plaintiff Erika Saines's complaint with prejudice for failure to state a claim for which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

The R&R asserts that, to the extent Morris alleges violations of 42 U.S.C. § 1983, her complaint fails to explain any details supporting her claim and should be dismissed.  (ECF No. 9 at PageID 17–19.)  The R&R first concludes that Morris's § 1983 claim against the state of Tennessee fails because "[s]tates are not considered '"persons" under § 1983.'"  (ECF No. 9 at PageID 18 (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).)  Thus, Morris's claim against the state of Tennessee must be dismissed.

Judge Pham further recommends that, even if Morris alleged facts demonstrating Memphis Mental Health Institute's conduct, her claim against it is directly precluded by

Eleventh Amendment immunity.  (See id. at PageID 19 (explaining that Memphis Mental Health Institute is a state agency cloaked with Eleventh Amendment sovereign immunity).)

Finally, Judge Pham recommends that Morris's claim against Lakeside Behavioral Health Hospital fails because it is a private entity, and it was not a state actor under the facts alleged in the Complaint.  (See id. at PageID 19–20.)  Judge Pham states that this claim fails "no matter how discriminatory or wrongful" Lakeside's conduct was.  (Id. at PageID 19.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Morris's deadline to object to the R&R was November 10, 2025, and no objections were filed.  The Court has reviewed the R&R in its entirety for clear error and discerns none.  The R&R properly describes Morris's failure to sufficiently allege § 1983 claims, and the Court agrees that the matter should be dismissed with prejudice.  Therefore, the Court **ADOPTS** the R&R, and **DISMISSES** the Complaint **WITH PREJUDICE**.

**IT IS SO ORDERED,** this 17th day of November, 2025.

                                              s/ Sheryl H. Lipman  
                                              SHERYL H. LIPMAN  
                                              CHIEF UNITED STATES DISTRICT JUDGE